UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JANET ORR,<br>   Plaintiff,<br><br>v.<br><br>THE CLAFLIN COMPANY,<br>   Defendant. | C.A. No. 19-385-JJM-LDA |

## ORDER

Janet Orr files this lawsuit against her former employer, The Claflin Company ("Claflin"). Ms. Orr was hired by Claflin in May 2010 as an Acute Care Account Manager. ECF No. 1 at 2, ¶6. Claflin terminated Ms. Orr's employment in April 2019. *Id.* at ¶10.

Ms. Orr brings six claims in her complaint: unlawful age discrimination in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.* (Count One); violation of the Electronic Communications Privacy Act of 1986, 18 U.S.C. §2510, *et seq.* (Count Two); violation of the Rhode Island Interception of Wire and Oral Communications Act, R.I.G.L. §12-5.1-1, *et seq.* (Count Three); violation of the Rhode Island Privacy Act, R.I.G.L. §9-1-28.1, *et seq.* (Count Four); intentional infliction of emotional distress (Count Five); and negligent infliction of emotional distress (Count Six). ECF No. 1 at 5-7, ¶¶ 35-40.

Claflin moves to dismiss Count One, Count Five, and Count Six. ECF No. 6 at 2. Ms. Orr objects to the dismissal of Count One but does not object to the dismissal

of Count Five or Count Six. ECF No. 8 at 1. Claflin's motion to dismiss Count Five and Count Six will thus be GRANTED by the Court without analysis.

*FACTS*[1]

In May 2010, Ms. Orr was hired at Claflin as an Acute Care Account Manager. ECF No. 1 at 2, ¶6. Ms. Orr's performance in this role was deemed satisfactory as she received performance bonuses, positive customer reviews, and a raise in October 2018. *Id.* at ¶7.

Around November 2018, Claflin hired two account representatives who were in their early thirties. *Id.* at ¶9. As an Acute Care Account Manager, Ms. Orr's position was senior to the account representatives. *See id.*

In April 2019, Claflin terminated Ms. Orr's employment. *Id.* at ¶10. Ms. Orr was fifty-seven years old at the time. *Id.* at ¶5. In the termination meeting, Ms. Orr's manager and Claflin's human resources manager stated that she was being terminated because (i) she seemed unhappy and (ii) her services would no longer be needed due to the inevitable loss of Care New England as a customer following its anticipated merger. *Id.* at ¶11. It is Ms. Orr's understanding that Claflin did not lose Care New England as a customer as the merger was never finalized. *Id.* at ¶12. In the Termination Report that was included in Ms. Orr's personnel file, the reason cited for her termination was a reduction in force. *Id.* at ¶15.

---

[1] The facts contained in this section are the facts from Ms. Orr's complaint material to the analysis of Claflin's motion to dismiss Count One. Facts from Ms. Orr's complaint not material to this analysis were omitted.

After Ms. Orr's termination, the account representatives who were hired in November 2018 were promoted to account manager positions and began to service Ms. Orr's former accounts. *Id.* at ¶ 16.

## *STANDARD OF REVIEW*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And the court must review the facts as true and in the light most favorable to the plaintiff, drawing all reasonable inferences. *Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009) (citing *Fitzgerald v. Harris*, 549 F.3d 46, 52 (1st Cir. 2008)). That said, conclusory statements of the law are "not entitled the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Finally, to grant the motion to dismiss, the pleadings must "show[] no set of facts which could entitle plaintiff to relief." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-48 (1957)).

## *ANALYSIS*

Because Ms. Orr does not allege any direct evidence of age discrimination, the parties agree that Count One must be analyzed pursuant to the analysis enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973) and similarly applied under Rhode Island law. *See e.g., Casey v. Town of Portsmouth*, 861 A.2d 1032, 1036 (R.I. 2004). Using the *McDonnell Douglas* analysis, the plaintiff must first establish a *prima facie* showing of age discrimination.

3

To establish a *prima facie* showing of age discrimination, Ms. Orr must show that (i) she was over the age of forty, (ii) her work was sufficient to meet her employer's legitimate expectations, (iii) her employer took adverse action against her, and (iv) the employer sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for such services. *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 823 (1st Cir. 1991); *Casey*, 861 A.2d at 1036.

Claflin concedes that Ms. Orr has alleged facts in her complaint to sufficiently plead a viable *prima facie* case for the first three elements. ECF No. 6 at 3-4. But Claflin argues that Ms. Orr cannot satisfy the fourth element because Claflin did not seek a replacement for Ms. Orr. *Id.* at 2-3. Claflin argues it instead redistributed her duties to existing employees who continued to perform their prior duties. *Id.* Citing caselaw from the Court and the First Circuit, Claflin notes that a "redistribution" of duties to existing employees "does not equate to replacement under the law of age discrimination". *Id.* at 4 (citing *Caruso v. Cent. Falls Det. Facility Corp.*, 2019 U.S. Dist. LEXIS 112393 at *4 (D.R.I. July 8, 2019).

In response, Ms. Orr argues that she does not need to demonstrate that she was replaced because a reason provided by Claflin for her termination was a reduction in force. ECF No. 8 at 4. Ms. Orr thus asserts that she may instead satisfy the fourth element of the *prima facie* case by showing that Claflin did not treat age neutrally or that younger persons were retained in the same position. *Id.* (citing *Goldman v. First Nat. Bank of Bos.*, 985 F.2d 1113, 1117 (1st Cir. 1993)).

4

Ms. Orr alternatively argues that she sufficiently pled plausible facts to show that she was replaced by the two younger account representatives following her termination. ECF No. 8 at 5. Her complaint specifies that each of the younger employees was promoted from "account representative" to "account manager" (which was Ms. Orr's previous title) following her termination. *Id.* at 6-7. From these facts, Ms. Orr argues that the Court can reasonably infer, at this stage in the proceeding, that such a promotion "constitutes taking on significantly different duties and not performing previous tasks". *Id.* Without discovery, Ms. Orr further notes that she would be unable to accurately know whether the replacement employees continued to perform duties held prior to their promotion. *Id.* at 7.

The Court agrees that Ms. Orr has alleged facts in her complaint to sufficiently plead a viable *prima facie* case for age discrimination. With respect to the fourth element, the Court finds that Ms. Orr's complaint does allege that a reason offered by Claflin for her termination was due to a reduction in force. ECF No. 1 at 3, ¶15. She thus only needs to allege that age was not treated neutrally or that younger persons were retained in the same position. *See Goldman*, 985 F.2d at 1117. Ms. Orr satisfied this element by sufficiently pleading that younger persons were retained in the same position. *See* ECF No. 1 at 3, ¶15-16.

The Court also agrees that, at this stage of the proceeding and without knowing whether the replacement employees are still performing their prior duties, Ms. Orr has sufficiently pled that she was replaced by the younger account representatives who were promoted following her termination.

5

*CONCLUSION*

For the reasons stated, the Court DENIES Defendant's Motion to Dismiss Count One and GRANTS Defendant's Motion to Dismiss Count Five and Count Six. ECF No. 6.

IT IS SO ORDERED

John J. McConnell, Jr.
United States District Judge
October 3, 2019